NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JACQUELIN CRISTINE SUMMERS, *Appellant.*

No. 1 CA-CR 14-0556
FILED 5-17-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-446986-001
The Honorable Charles Donofrio III, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

―――――――――――――――――

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Acting Presiding Judge Andrew W. Gould and Judge Patricia K. Norris joined.

―――――――――――――――――

**B R O W N**, Chief Judge:

**¶1**     Jacquelin Cristine Summers appeals her convictions and sentences for two counts of aggravated driving while under the influence of intoxicating liquor ("DUI").  Counsel for Summers filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, she was unable to find any arguable grounds for reversal.  Summers was granted the opportunity to file a supplemental brief *in propria persona*, but she has not done so.

**¶2**     Our obligation is to review the entire record for reversible error.  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Summers.  *State v. Guerra*, 161 Ariz. 289, 293 (1989).  For the following reasons, we affirm Summers' convictions and sentences.

**¶3**     The State charged Summers with two counts of DUI (impaired to the slightest degree and blood alcohol concentration .08 or greater), with the charges being aggravated based on Summers' two prior DUI convictions within the previous 84 months, in violation of Arizona Revised Statutes sections 28-1381, -1383.  The following evidence was presented at trial.

**¶4**     In the early morning hours of March 23, 2013, Phoenix Police Commander Joseph Knott was travelling on I-10 in an unmarked police car when a Cadillac sedan passed his vehicle at a high rate of speed.  Knott accelerated to 90 miles per hour but could not gain on the Cadillac.  After exiting I-10 and following the Cadillac on surface streets, Knott activated the police vehicle's lights and siren, which caused the Cadillac to brake and slow down, but not stop.  Instead, the Cadillac repeatedly slowed and then accelerated, engaging in unusual side-to-side movements.  Because the Cadillac had dark-tinted windows, Knott could not discern what was

occurring in the vehicle and requested the assistance of a back-up unit. Eventually the Cadillac came to a full stop and Knott parked behind it. He directed a spotlight at the Cadillac, but still could not see the vehicle's interior. He repeatedly yelled for the driver to exit. Eventually, Summers responded that she was looking for her shoes and a cigarette before exiting the vehicle. When Summers finally emerged she had an unsteady, wobbling gait and smelled of alcohol. When questioned, Summers admitted to drinking earlier in the evening.

¶5 Officer Bohatir responded to the request for assistance. While Bohatir spoke to Summers, he observed that Summers had bloodshot, watery eyes and smelled of alcohol. In response to Bohatir's questioning, Summers admitted drinking alcohol several hours earlier, and did not dispute that she was the driver of the vehicle. Bohatir conducted field sobriety testing on Summers and observed six cues of impairment. Summers was placed under arrest for DUI and transported to a mobile DUI van for processing.

¶6 Officer Wearne drew a sample of Summers' blood. While conducting the blood draw, Wearne asked Summers several questions in which she admitted that she had been driving the vehicle, but claimed she was impaired by fatigue, not alcohol. Summers was then cited and released. At trial, the State introduced evidence that Summer's blood alcohol concentration was 0.173. Before resting its case, the State submitted the parties' stipulation that Summers had two prior DUI convictions within 84 months of the current offense.

¶7 Summers admitted at trial she was impaired at the time of the traffic stop and did not dispute her blood alcohol concentration was 0.173. Instead, Summers' testified she had lied to police and was not actually the driver of the vehicle. She explained that her boyfriend, T.W., was driving the Cadillac and she was in the passenger seat when Knott activated his lights and siren. Because T.W. did not have a valid driver's license and was afraid their vehicle could be towed if he was stopped, he asked Summers to switch seats. Consistent with Summer's testimony, T.W. testified he was the driver and he and Summers traded places because he did not have a valid driver's license.

¶8	A jury found Summers guilty as charged.[1]  The trial court sentenced Summers to three years' probation after serving concurrent four-month terms of imprisonment on each count, with 24 days' presentence incarceration credit.[2]  This timely appeal followed.

¶9	We have searched the entire record for reversible error and have found none.  All of the proceedings were conducted in accordance with Arizona Rules of Criminal Procedure.  The record shows that Summers was present at all pertinent proceedings and was represented by counsel.  Summers had an opportunity to speak before sentencing, and the sentences imposed were within the statutory limits.  Accordingly, we affirm Summers' convictions and sentences.

¶10	Upon the filing of this decision, counsel shall inform Summers of the status of the appeal and her options.  Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  Summers shall have thirty days from the date of this decision to proceed, if she so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[1]	The sentencing minute entry states that Summers waived her right to a jury trial and entered a plea of guilty.  However, the record clearly reflects that the trial court conducted a jury trial.  We therefore modify the sentencing minute entry to reflect that Summers was convicted by a jury.

[2]	The sentencing minute entry also states that the date of the present offense was May 15, 2009 and that the sentence in Count 1 is to be served concurrent to Count 1.  Recognizing that these are clerical errors, we modify the sentencing minute entry to reflect that date of the offense was March 23, 2013, and the sentence in Count 1 is to be served concurrent to Count 2.